**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Greg MORGAN, Defendant–Appellant.**

No. 01–10336.

D.C. No. CR–00–05340–1–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Greg Morgan appeals pro se the district court's order affirming his conviction by no contest plea and the $25 fine imposed for failure to have registration for his vehicle, in violation of Cal. Veh.Code § 4000(a), while driving on Edwards Air Force Base. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo questions of law, *United States v. Yacoubian,* 24 F.3d 1, 3 (9th Cir.1994), and we affirm.

Morgan contends that the district court lacked jurisdiction over his motor vehicle offense because 32 C.F.R. § 210.3, which made Cal. Veh.Code § 4000(a) applicable on the military base, represents an unconstitutional delegation of Congress' rulemaking authority. The district court prop-

erly affirmed Morgan's conviction and fine because 32 C.F.R. § 210.3, when coupled with 32 C.F.R. § 634.25, is an appropriate exercise of Congress' delegation of rulemaking authority as granted by 40 U.S.C. § 318. *See Bicycle Trails Council of Marin v. Babbitt,* 82 F.3d 1445, 1451 (9th Cir.1996) (holding that regulations promulgated pursuant to an express Congressional grant of rulemaking authority will be upheld "unless they are arbitrary, capricious, or manifestly contrary to the statute.") (quoting *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

Morgan's remaining contentions lack merit.

**AFFIRMED.**

---

* Because the panel unanimously finds this case suitable for decision without oral argument, Morgan's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.